IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BRENNAN, 9 Swallow Street Pittston, PA 18640 | : : : : : : | |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| v. | : : : | CASE NO. |
| CENTURY SECURITY SERVICES 6 Rose Lane Wilkes-Barre, PA 18702 | : : : : | |
| Defendant. | : : | |

## COMPLAINT

Plaintiff, Amanda Brennan, by and through her undersigned counsel, files this Complaint alleging that her rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d, *et seq*. ("Title VII"), have been violated and avers as follows:

### I. PARTIES

1. Plaintiff, Amanda Brennan (hereinafter "Plaintiff" or "Ms. Brennan"), is an adult individual residing in Pittston, Pennsylvania with a mailing address of 9 Swallow Street, Pittston, Pennsylvania 18640.

2. Defendant, Century Security Services, (hereinafter "Defendant" or "CSS"), is a security company organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 6 Rose Lane, Wilkes-Barre, Pennsylvania 18702.

3. At all times material hereto, Defendant employed Plaintiff at its 6 Rose Lane, Wilkes-Barre location.

1

4. At all times material hereto, Defendant qualifies as Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II. JURISDICTION

5. This action for sexual harassment and retaliation is instituted pursuant to Title VII of the Civil Rights Act and applicable federal and state law.

6. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this judicial district.

8. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a "Notice of Right to Sue" issued by the Equal Employment Opportunity Commission).

## III. FACTS

9. On or about September 1, 2017, the Defendant hired Ms. Brennan as a Security Guard.

10. At all times material hereto, Plaintiff was qualified for her position with the Defendant and performed her work without any complaint or issue up until the time her employment was terminated by the Defendant.

11. In or about October 2020, Ms. Brennan informed her boss Jim Kokinda, Security Specialist that she was unable to make it to the job site because she did not have enough gas in her car.

12. Upon arrival, Mr. Kokinda pulls his car up next to Ms. Brennan and proceeds to get out.

13. Just prior to pumping Ms. Brennan's gas, Mr. Kokinda grabbed Ms. Brennan's face and kissed her and told her, "I want to take care of you." Mr. Kokinda told Ms. Brennan that, "there is something about you, you are so cute."

14. Mr. Kokinda began to pull money out of his pocket and gave it to Ms. Brennan. Ms. Brennan tried to give it back, but Mr. Kokinda would not accept it.

15. Ms. Brennan drove to her job site and began her shift after this incident occurred.

16. During her shift, Mr. Kokinda proceeded to call and text Ms. Brennan.

17. Ms. Brennan asked Mr. Kokinda why he kissed her and he told her he would do it again.

18. Ms. Brennan became extremely uncomfortable had to go home as a result of the stress. Ms. Brennan was concerned that Mr. Kokinda would come to the job site, so she made up an excuse to leave early.

19. The next day, Ms. Brennan emailed Mary and Christine from Defendant's Human Resources Department to report the events that happened with Mr. Kokinda.

20. Following Christine's Investigation, Ms. Brennan received a call from Human Resources.

21. Christine was irate and yelling at Ms. Brennan.

22. Christine told Ms. Brennan that because she met Mr. Kokinda off of work hours, it was consensual and she knew what would happen by meeting him at the gas station.

23. Christine also told Ms. Brennan that because Ms. Brennan met Mr. Kokinda at the gas station, she was, "asking for it."

24. Defendant failed to pay Ms. Brennan for eight hours of pay, at a rate of ten dollars per hour. When Ms. Brennan asked about her owed hours, she was told that the two hundred dollars that Mr. Kokinda had given her was more than enough pay for the hours that Defendant owed.

25. Subsequent to Ms. Brennan reporting Mr. Kokinda's advances to Defendant's Human Resources Department, Defendant cut her hours.

26. Defendant's cutting of Ms. Brennan's hours because she engaged in protected activity by filing a harassment complaint is a retaliatory act and is illegal under the law.

27. The defendant terminated Ms. Brennan's employment on October 13, 2020.

28. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### IV. CAUSES OF ACTION

#### COUNT I
#### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
#### DISPARATE TREATMENT

29. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

30. Plaintiff was discriminated against and/or treated differently in her employment with Defendant because, as a female, she was subject to disparate treatment.

31. Plaintiff suffered adverse employment actions as a result of this discrimination, among other things, she was terminated, disciplined for being the victim of sexual assault and harassment, was threatened for making complaints about the workplace, and was subject to unwarranted scrutiny.

32. These adverse employment actions imposed burdens upon Plaintiff that would not be imposed upon male employees.

33. This willful, intentional, and unlawful sex discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C. § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT II
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### HARASSMENT

34. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

35. Plaintiff had to endure pervasive and regular harassment from her co-worker and was retaliated against by management because she made complaints about unlawful gender-based harassment and discrimination.

36. This harassment detrimentally affected her in that, among other things she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant actions.

37. The harassment by her co-worker would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

38. The harassment of Plaintiff by Defendant's employees was willful and intentional.

39. Despite Plaintiff complaining about these issues to Defendant, no meaningful remedial action was taken with respect to the harassment.

40. This willful, intentional, and unlawful gender-based harassment and

discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. At set forth above, Plaintiff made complaints about sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

43. Defendant took adverse action against Plaintiff by terminating her employment.

44. As set forth above, Plaintiff' participation in protected activity was a motivating factor in Defendant decision to terminate her employment.

45. As such, Defendant decision to terminate Plaintiff' employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

46. As a proximate result of Defendant conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

48. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq*., Plaintiff demands attorneys' fees and court costs.

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEX DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

49. Ms. Brennan incorporates the preceding paragraphs as if fully set forth at length herein.

50. The Defendant is responsible for the hostile work environment which allowed Plaintiff to be verbally, physically and sexually harassed by the aforementioned client.

51. Ms. Brennan's status as a female place her in a protected class.

52. Ms. Brennan's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Brennan and terminate her employment.

53. As such, Defendant's decision to discriminate and to terminate Ms. Brennan's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

54. As a proximate result of Defendant's conduct, Ms. Brennan sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Brennan has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

55. As a result of the conduct of Defendant's owners/management, Ms. Brennan hereby demands punitive damages.

56. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Brennan demands attorneys' fees and court costs.

### V. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Amanda Brennan, demands judgment in her favor and against the Defendant, CENTURY SECURITY SERVICES in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.  Punitive damages;

C.  Attorney's fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

Date: September 7, 2021               **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                      BY: */s/ Mary LeMieux-Fillery*
                                      **MARY LEMIEUX-FILLERY, ESQUIRE**
                                      **(Pa Id. No.: 312785)**
                                      Two Penn Center, Suite 1240
                                      1500 John F. Kennedy Boulevard
                                      Philadelphia, PA 19102
                                      Tel.: (267) 546-0132
                                      Fax: (215) 944-6124
                                      Email: maryf@ericshore.com
                                      *Attorneys for Plaintiff, Amanda Brennan*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

09/07/2021

(Date Signed)

Electronically Signed    2021-09-07 22:45:37 UTC - 107.126.32.183
AssureSign®              e99b0eed-deb9-4808-aa1e-ad9c01557a35

Amanda Brennan

9