UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BRENNAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CENTURY SECURITY SERVICES,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 3:21-CV-01678<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion for default judgment filed by Plaintiff Amanda Brennan ("Brennan") on January 28, 2022, and a motion to set aside default and motion to deny pending motion for default judgment filed by Defendant Century Security Services ("Century") on June 3, 2022. (Doc. 5; Doc. 16). In her amended complaint, Brennan alleges claims of disparate treatment, harassment, retaliation, discrimination, and negligent hiring and retention under Title VII of the Civil Rights Act of 1964 ("Title VII") and violations of the Pennsylvania Human Relations Act (the "PHRA") which occurred during her employment with Defendant Century Security Services ("Century"). (Doc. 23, at 2, 5-13). Brennan seeks damages in excess of $150,000.00 along with compensatory damages, punitive damages, and the cost of litigation including interest and delay damages. (Doc. 23, at 13).

For the following reasons, Brennan's motion for default judgment shall be DENIED and Century's motion to set aside default and motion to deny pending motion for default judgment shall be GRANTED. (Doc. 5; Doc. 16).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Brennan filed her original complaint on September 29, 2021, alleging claims of disparate treatment, harassment, retaliation, and discrimination under Title VII. (Doc. 1).

The Court issued summons as to Century on September 30, 2021. (Doc. 2). Summons were served on December 13, 2021, and were returned executed as to Century on January 7, 2022. (Doc. 3, at 1). On January 20, 2022, Brennan filed a request for entry of default as Century had failed to plead or otherwise defend against the action as provided by rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 4, at 1). Brennan filed a motion for default judgment on January 28, 2022.[1] (Doc. 5). On February 1, 2022, the Court entered default against Century for failure to file an answer and/or otherwise plead, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 6, at 1). In her motion, Brennan explains the procedural history of the action emphasizing Century's failure to appear, plead, or otherwise defend in this action. (Doc. 5, at 1). Additionally, Brennan argues that she has presented valid claims for violations of Title VII of the Civil Rights Act and that she requests $150,000.00 in relief. (Doc. 1, at 8; Doc. 5, at 2). Brennan also requested an assessment of damages hearing which the Court conducted on May 12, 2022, at 10:00 am and a subsequent hearing on May 26, 2022, at 9:00 am, both via video conference. (Doc. 7; Doc. 10; Doc. 13).

On June 2, 2022, Century entered its appearance in this action. (Doc. 14). On June 3, 2022, Century filed a motion to set aside default and motion to deny pending motion for

---

[1] The Court notes that Brennan has not filed a separate brief in support of her motion. (Doc. 5). Section 1, Rule 7.5 of the Rules of Court for the United States District Court for the Middle District of Pennsylvania requires that a separate brief in support of a motion be filed (a) the motion is one for "enlargement of time" and the reasons are "fully stated in the motion," (b) all parties concur to the motion and the reasons and relief are "fully stated therein," or (c) the motion is one "for appointment of counsel." M.D. Pa. Civ. R. 7.5. If the plaintiff fails to file a brief in support within fourteen (14) days after the filing of any motion and none of the exceptions are present, the plaintiff's motion will be "deemed to be withdrawn." M.D. Pa. Civ. R. 7.5. However, as Brennan's motion briefly outlines the reasons that default should be granted, the Court considers the merits of the motion. (Doc. 5).

default judgment, a corresponding brief in support, and a motion to dismiss.[2] (Doc. 16; Doc. 17; Doc. 18). On June 8, 2022, Brennan filed a brief in opposition to the motion to set aside default and motion to deny pending motion for default judgment and filed an amended complaint on June 15, 2022. (Doc. 21; Doc. 23). On July 6, 2022, Century filed a motion to dismiss the amended complaint and filed a brief in support of the motion on July 20, 2022. (Doc. 24; Doc. 26). Brennan filed her opposition to the motion on August 3, 2022. (Doc. 27).

In her amended complaint, Brennan contends that during her employment with Century as a security guard she suffered from disparate treatment, harassment, retaliation, sexual discrimination, negligent hiring and retention, and violations of the PHRA. (Doc. 23, at 1-2, 5-7). Brennan details a series of incidents that occurred after an interaction with her supervisor where he kissed her at a gas station. (Doc. 23, at 3-5). Brennan explains that she was not compensated for the time that she was absent from work due to the incident, her hours were diminished after she reported the incident, and she was subsequently terminated from her position on October 13, 2020. (Doc. 23, at 4-5). Brennan contends that she has "sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages . . . ." (Doc. 23, at 5). Brennan seeks damages in the amount of $150,000.00 along with compensatory and punitive damages, and the cost of litigation including interest and delay damages. (Doc. 23, at 13).

---

[2] The Court notes that Brennan filed an amended complaint on June 15, 2022, in response to Century's first motion to dismiss filed on June 3, 2022, and Century filed a subsequent motion to dismiss the amended complaint on July 6, 2022. (Doc. 18; Doc. 23; Doc. 24). As such, Century's first motion to dismiss shall be **STRUCK as MOOT**. (Doc. 18).

## II.    LEGAL STANDARD

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Under subsection (a) of that rule, the Clerk of Court is instructed to enter a *default* against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Entry of a default is a prerequisite to entry of a *default judgment* under Rule 55(b)." *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis in original); *see also Enigwe v. Gainey*, Civil Action No. 10-684, 2012 WL 213510, at *2 (E.D. Pa. Jan. 23, 2012) ("[A] default judgment under Rule 55(b) must be preceded by entry of a *default* under Rule 55(a).") (emphasis in original).

Once the entry of default under Rule 55(a) is entered, the party seeking default judgment is still not entitled to such. *Malibu Media, LLC v. Everson*, No. 4:19-CV-01048, 2021 WL 84180, at *1 (M.D. Pa. Jan. 11, 2021). Rather, "a court is required to exercise sound judicial discretion in deciding whether to enter default judgment." *Kibbie v. BP/Citibank,* No. 3:CV-08-1804, 2010 WL 2573845, at *2 (M.D. Pa. 2010). In making this determination, courts use three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "[W]hen a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)." *Deutsche Bank Nat. Trust Co. v. Strunz*, No. 1:12-cv-01678, 2013 WL 122644, at *1 (M.D. Pa. 2013).

Additionally, "[a] decision to set aside an entry of default . . . 'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984)). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In general, Courts disfavor the default procedure "because the interests of justice are best served by obtaining a decision on the merits." *Momah v. Albert Einstein Medical Center*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976)). As such, "Rule 55(c) motions are construed liberally in favor of the movant." *Momah*, 161 F.R.D. at 307 (citing *Hamilton v. Edell*, 67 F.R.D. 18, 20 (E.D. Pa. 1975).

### III.   DISCUSSION

Brennan contends that her motion should be granted and that judgment should be entered in her favor and against Century. (Doc. 5, at 1). Specifically, Brennan states that Century was properly served and, at the time, "ha[d] not appeared in this action [and] ha[d] not pled or otherwise defended [against the allegations]." (Doc. 5, at 1). Brennan avers that her complaint "sets out valid claims for violation of Title VII of the Civil Rights Act" and that, due to the Clerk's entry of default," her complaint must be taken as true. (Doc. 5, at 2). Century contends that Brennan will not be prejudiced if the Court denies default judgment, that it has a meritorious defense presented in its motion to dismiss, and that there was no willful intent or bad faith on its part when it failed to respond. (Doc. 17, at 10).

At the outset, a default judgment has not yet been entered in this action. Thus, the Court proceeds on assessing whether default judgment should be granted or denied and whether it should set aside the entry of default for good cause under Rule 55(c) as opposed to

whether the parties should be relieved from a final judgment under Rule 60(b). *See* Fed. R. Civ. P. 55(c). In assessing whether default judgment should be granted or the entry of default should be set aside, courts look to three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164; *see also United States v. $55,518 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984); *J & J Sports Productions, Inc. v. Archie*, No. 1:17-cv-00745, 2019 WL 1125876, at *1 (M.D. Pa. Mar. 12, 2019) (explaining that the Court must consider the same three factors outlined in *Chamberlain* when determining whether to grant default judgment and whether to set aside an entry of default). The three factors outlined in *Chamberlain* weigh against granting Brennan's motion for default judgment. *See Chamberlain*, 210 F.3d at 164. Century contends that Brennan will not be prejudiced should the default be set aside, that it has a meritorious defense that was presented in its motion to dismiss, and that it had no willful intent or bad faith in failing to respond to the complaint as it "believed that the matter was being settled and that settlement discussions were ongoing." (Doc. 17, at 10).

First, Brennan will not suffer prejudice if default is denied. Century argues that Brennan will not be prejudiced and that she must demonstrate that her claim would be impaired if default judgment was not granted. (Doc. 17, at 7). "Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991). Additionally, "'[d]elay in realizing satisfaction on a claim rarely serves to establish' [a sufficient] degree of prejudice." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175

F. App'x 519, 523-24 (3d Cir. 2006) (quoting *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982)). Brennan avers that she will suffer prejudice if default judgment is denied "because this pending matter is negatively influencing her housing situation and her mental health." (Doc. 21-2, at 10). As Brennan's alleged prejudice does not demonstrate an "inability to litigate [her] claims in a material way [or] whether relevant evidence will become lost or unavailable, this first factor weighs in favor of setting aside the entry of default." *Daughtry v. Kauffman*, No. 3:17-CV-0442, 2019 WL 118600, at *2 (M.D. Pa. Jan. 7, 2019).

Next, the parties agree that "Century has a meritorious defense to the instant action." (Doc. 17, at 7; Doc. 21-2, at 8). However, Brennan also avers that "[Century's] claim that it has a meritorious defense is a bald assertion since they did not file an Answer to the instant matter and the Motion to Dismiss that they did file, at the present, has no supporting Memorandum of Law." (Doc. 21-2, at 10). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951)) "[A] defendant must merely show that it has a defense to the action which at least has merit on its face." *Paradise v. Com. Fin. Sys., Inc.,* No. 3:13-cv-00001, 2014 WL 4717966, at * 2 (M.D. Pa. Sept. 22, 2014). Here, Century has filed a motion to dismiss and a corresponding brief in support outlining its arguments for dismissal of Brennan's amended complaint. (Doc. 24; Doc. 26). The assertion of a defense in a pending motion to dismiss "satisfies the meritorious-defense requirement." See *J Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 315 (3d Cir. 2019). Although the Court does not address the merits of Century's motion to dismiss at this time, for purposes of the *Chamberlain* factors, Century has satisfied its burden as to the

second prong. *See Emcaso Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987) (internal citations omitted) ("We need not decide the legal issue at this time; it is sufficient that [the defendant's] proffered defense is not "facially unmeritorious.").

Century's failure to timely appear and file an answer to the complaint does not constitute culpable conduct. To constitute culpable conduct, a defendant's failure to timely answer a complaint must be willful or in bad faith. *See Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir. 1983). "'Mere negligence'" on the part of the defendant does not satisfy the culpability standard." *Daughtry,* 2019 WL 118600, at *3 (quoting *Hritz,* 732 F.2d at 1183). Further, courts consider "the extent to which the error is attributable exclusively to defendant['s] counsel." *Momah,* 161 F.R.D. at 308 (citing *Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955,* 625 F. Supp. 1233, 1239 (E.D. Pa. 1985)). Here, Century claims that "there is absolutely no willful intent or bad faith on the part of [Century] not to respond. Candidly, [Century] believed that the matter was being settled and that settlement discussions were ongoing." (Doc. 17, at 10). Brennan contends that Century's conduct "was more than mere negligence." (Doc. 21-2, at 10). Specifically, Brennan states that Century's former counsel communicated that she would accept a waiver of service and enter her appearance on the case, but failed to appear. (Doc. 21-2, at 10). Brennan further argues that only after the motion for default judgment was filed and notice regarding the hearing was sent to Century did Century appear in this action. (Doc. 21-2, at 10). However, the circumstances surrounding Century's failure to timely appear and file an answer to the complaint only amounts to mere negligence as there is no evidence to suggest otherwise. *See Hill v. Williamsport Police Dept.,* 69 F. App'x 49, 52 (3d Cir. 2003).

The Third Circuit has considered "the effectiveness of alternative sanctions" in addition to the three *Chamberlain* factors in determining whether to deny a motion to set aside an entry of default. *Emcasco*, 834 F.2d at 73 (3d Cir. 1987). On occasion, courts have imposed "monetary sanction on defendants to compensate the plaintiff for the time and effort involved in opposing the Rule 55(c) motion and to serve as a 'wake-up call,' since the defendants had failed to respond in a timely fashion on five occasions in the past." *Momah*, 161 F.R.D. at 308. Here, since the Court did not conclude that Century acted in bad faith, the Court declines to impose alternative sanctions. *See Momah*, 161 F.R.D. at 308. However, Brennan is not precluded from requesting monetary sanctions at a later date.

As the *Chamberlain* factors weigh in favor of denying default judgment and setting aside the entry of default, Brennan's motion for default judgment shall be DENIED and Century's motion to set aside default and deny pending motion for default judgment shall be GRANTED. (Doc. 5; Doc. 16); *see Hill*, 69 F. App'x at 52 (affirming the District Court's refusal to grant default judgment after a weighing of the *Chamberlain* factors); *see also Murray v. Ostrowski*, No. 22-cv-812, 2022 WL 1229900, at *5, n. 11 (D.N.J. Apr. 26, 2022) (granting the plaintiff leave to file an amended complaint, vacating the Clerk's entry of default, denying the plaintiff's motion for default, and granting the defendants' motions to set aside default).

### IV.   CONCLUSION

For the foregoing reasons, Brennan's motion for default judgment is **DENIED** (Doc. 5); Century's motion to set aside default and motion to deny pending motion for default judgment is **GRANTED** (Doc. 16); and Century's first motion to dismiss is **STRUCK as MOOT** (Doc. 18).

An appropriate Order follows.

BY THE COURT:

Dated: August 25, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**