## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BRENNAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-01678 |
| v. | |
| CENTURY SECURITY SERVICES, | (MEHALCHICK, M.J.) |
| Defendant. | |

## MEMORANDUM

Before the Court is a partial motion to dismiss filed by Defendant Century Security Services ("Century") on July 6, 2022. (Doc. 24). Plaintiff Amanda Brennan ("Brennan") initiated this action on September 29, 2021, by filing a complaint against Century. (Doc. 1). In the amended complaint filed on June 15, 2022, Brennan alleges claims of disparate treatment, harassment, retaliation, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), negligent hiring and retention, and violations of the Pennsylvania Human Relations Act ("PHRA"), which occurred during her employment with Century. (Doc. 23, at 2, 5-13). As relief, Brennan seeks damages in excess of $150,000.00, along with compensatory damages, punitive damages, and the cost of litigation including interest and delay damages. (Doc. 23, at 13). On June 13, 2022, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 22). For the following reasons, Century's partial motion to dismiss shall be **GRANTED**. (Doc. 24).

## I.   BACKGROUND AND PROCEDURAL HISTORY

Brennan filed her original complaint on September 29, 2021, alleging claims of disparate treatment (count I), harassment (count II), retaliation (count III), and

discrimination under Title VII (count IV), as well as claims for negligent hiring and retention (count V) and violations of the Pennsylvania Human Relations Act ("PHRA") (count VI). (Doc. 1). The Court issued summons as to Century on September 30, 2021. (Doc. 2). Summons were served on December 13, 2021, and were returned executed as to Century on January 7, 2022. (Doc. 3, at 1). On January 20, 2022, Brennan filed a request for entry of default as Century had failed to plead or otherwise defend against the action as provided by Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 4, at 1). Brennan filed a motion for default judgment on January 28, 2022. (Doc. 5). On February 1, 2022, the Court entered default against Century for failure to file an answer and/or otherwise plead, pursuant to Rule 55(a). (Doc. 6, at 1).

On June 2, 2022, Century entered its appearance in this action. (Doc. 14). On June 3, 2022, Century filed a motion to set aside default and motion to deny pending motion for default judgment, a corresponding brief in support, and a motion to dismiss. (Doc. 16; Doc. 17; Doc. 18). Brennan filed a brief in opposition to the motion to set aside default and motion to deny pending motion for default judgment on June 8, 2022, and filed an amended complaint on June 15, 2022. (Doc. 21; Doc. 23).

On July 6, 2022, Century filed a second motion to dismiss the amended complaint[1] and filed a brief in support of the motion on July 20, 2022. (Doc. 24; Doc. 26). Brennan filed her brief in opposition to the motion on August 3, 2022. (Doc. 27). On August 25, 2022, the Court entered an order denying Brennan's motion for default judgment, granting Century's

---

[1] Defendant does not move to dismiss Brennan's claim for retaliation in Count III. (Doc. 26).

motion to set aside default and motion to deny pending motion for default judgment, and striking Century's first motion to dismiss struck as moot. (Doc. 29).

In her amended complaint, Brennan contends that during her employment with Century as a security guard she suffered from disparate treatment, harassment, retaliation, sexual discrimination, negligent hiring and retention, and violations of the PHRA. (Doc. 23, at 1-2, 5-7). Brennan details a series of incidents that occurred after an interaction with her supervisor where he kissed her at a gas station. (Doc. 23, at 3-5). Brennan explains that she was not compensated for the time that she was absent from work due to the incident, her hours were diminished after she reported the incident, and she was subsequently terminated from her position on October 13, 2020. (Doc. 23, at 4-5). Brennan contends that she has "sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages . . . " (Doc. 23, at 5). Brennan seeks damages in the amount of $150,000.00, along with compensatory and punitive damages, and the cost of litigation including interest and delay damages. (Doc. 23, at 13).

The motion to dismiss the amended complaint has been fully briefed and is ripe for disposition. (Doc. 24; Doc. 25; Doc. 26; Doc. 27).

## II.   LEGAL STANDARD

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken

as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d 336 at 347.

### III.   DISCUSSION

Century moves to dismiss Counts I, II, IV, V, and VI of the amended complaint for failure to state a cause of action and, as to count VI, for failure to state a cause of action and failure to exhaust administrative remedies.[2] (Doc. 24; Doc. 26).   For the foregoing reasons, Century's motion will be granted.

#### A.   COUNT I – VIOLATION OF TITLE VII: DISPARATE TREATMENT[3]

In Count I of the amended complaint, Brennan asserts a cause of action for sexual discrimination pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, claiming that she "was discriminated against and/or treated differently in her employment with [Century] because, as a female, she was subject to disparate treatment." (Doc. 23, ¶¶ 30-34). Brennan avers she "suffered adverse employment actions as a result of this discrimination, among other things,

---

[2] Brennan has stipulated to the dismissal of Count V, which raises a claim for negligent hiring and retention, in her brief in opposition to Century's motion to dismiss. (Doc. 27, at 8). Accordingly, Count V of the amended complaint will be dismissed with prejudice.

[3] While her complaint and brief in opposition name a claim for disparate treatment, the discussion of her brief in opposition focuses on how the application of Century's Human Resource Policy disparately impacts women who raise sexual harassment complaints. (Doc. 23; Doc. 27, at 4-5). The Court will address the sufficiency of the amended complaint on both grounds.

she was terminated, disciplined for being the victim of sexual assault and harassment, was threatened for making complaints about the workplace, and was subject to unwarranted scrutiny." (Doc. 23, ¶ 32). Brennan contends "[t]hese adverse employment actions imposed burdens upon [Brennan] that would not be imposed upon male employees." (Doc. 23, ¶ 33).

In the motion to dismiss, Century argues Count I must be dismissed because Brennan does not identify an "employment practice" or "policy" that Century uses or established which can be considered disparate, as required to properly raise a cause of action under the aforementioned act. (Doc. 26, at 6-15). Brennan responds that her amended complaint states a plausible Title VII claim for disparate treatment because she has alleged that her supervisor, Jim Kokinda ("Mr. Kokinda"), kissed her at a gas station and after reporting the incident to Century's Human Resources ("HR"), Century proceeded to cut Brennan's pay and terminate her employment within two weeks. (Doc. 27, at 4). Brennan further argues that she has alleged an HR policy exists because she raises arguments in her complaint alleging that Century's employment practice, namely their policy that governs HR investigations into sexual harassment complaints, disparately impacts women who raise sexual harassment complaints, while appearing to be "facially neutral." (Doc. 27, at 5).

With respect to her disparate treatment claim, Brennan alleges that she was discriminated against and/or treated differently in her employment with Century because she was a female. (Doc. 23, at ¶ 31). Brennan further alleges that she suffered adverse employment actions as a result of this discrimination including disciplinary action and termination. (Doc. 23, at ¶ 32). Title VII sex discrimination claims are controlled by the well-established *McDonnell-Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, (1973); *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831 (3d Cir.

6

2016). To establish disparate treatment discrimination based on sex by a current employer, a plaintiff must make out a *prima facie* case of discrimination; i.e., she must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) her employer subjected her to an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *See McNamara v. Susquehanna Cty.*, Civil Action No. 3:17-cv-02182, 2018 WL 2183266, at *3–4, 2018 U.S. Dist. LEXIS 79471, at *7 (M.D. Pa. May 11, 2018); *see also, Hobson v. St. Luke's Hosp. & Health Network*, 735 F. Supp. 2d 206, 213 (E.D. Pa. 2010). Once a plaintiff makes out a *prima facie* case of sex discrimination, the burden of production shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. *Bowersox v. Pa. Dep't of Corr.*, Civil No. 4:180-cv-000384, 2021 WL 674225, at *7–8, 2021 U.S. Dist. LEXIS 32029, at *20–21 (M.D. Pa. Feb. 22, 2021).

To survive a motion to dismiss on a Title VII disparate treatment claim, the plaintiff "need only set forth sufficient facts to raise a reasonable expectation that discovery will reveal evidence that [the plaintiff] was a member of a protected class and that she suffered an adverse employment action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016). "[D]etailed pleading is not generally required" but the plausibility standard requires that pleading show "'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (quoting *Iqbal*, 556 U.S. at 678). Where a plaintiff claims to have suffered disparate treatment but does not refer to any similarly-situated individuals and their similar protected conduct, the plaintiff's allegations are insufficient to state a claim under Rule 12(b)(6). *See e.g., Hobson*, 735 F. Supp. 2d at 213; *compare Thomas v. Univ. of Pittsburgh*, Civil Action No. 13-514, 2014 WL 3055361 at *5 (W.D. Pa. July 3, 2014)

(plaintiff, a female student-athlete suspended after being charged with a crime, stated a plausible disparate treatment claim where her complaint referenced four men specific instances where the defendant did not suspend male student-athletes who were charged with crimes).

Brennan satisfies the first prong by alleging that she is a female, and therefore, a member of a protected class. (Doc. 23, ¶¶ 32, 52); *McClain v. Connellsville Sch. Dist.*, No. 2:20-CV-01485-CCW, 2021 WL 1737465, at *5 (W.D. Pa. May 3, 2021). Brennan has also satisfied the second prong by claiming that she was qualified for her position, and the third prong by claiming that she was terminated from employment. (Doc. 23, ¶¶ 10, 28, 32); *McClain*, 2021 WL 1737465, at *5 ("In the context of Title VII actions, the Third Circuit has defined "adverse employment action" as "an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'"") (citing *Tucker v. Merck & Co.*, 131 F. App'x 852, 855 (3d Cir. 2005)) (quoting *Storey v. Burns Int' Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)).

However, Brennan's claim fails on the fourth prong of the analysis. The amended complaint does not allege facts that support an inference of circumstances giving rise to discrimination. (Doc. 23). Brennan does not identify any other similarly situated employees, nor does it reference facts to support her averment that she was treated differently from males. *McClain*, 2021 WL 1737465, at *5. Rather, the amended complaint broadly alleges that "[t]hese adverse employment actions impose burdens upon [Brennan] that would not be imposed upon male employees." (Doc. 23, ¶ 33). A formulaic recitation of the elements of a cause of action is insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555; *see e.g.,* *McClain*, 2021 WL 1737465, at *5 (dismissing plaintiff's claim for disparate treatment based

on sex where the complaint did not identify any other similarly situated employee or reference facts to support plaintiff's averment that defendant treated her differently from males).

To the extent Brennan also pleads a claim under the disparate impact theory, this claim similarly fails. (Doc. 23, ¶¶ 30-34). Disparate impact claims seek redress for what is sometimes referred to as "unintentional discrimination" involving "employment practices that are facially neutral in their treatment of different groups but that fall more harshly on one group than another." *Studders v. Geisinger Clinic*, No. 4:20-CV-00914, 2021 WL 510077, at *6 (M.D. Pa. Feb. 11, 2021). Codified by statute in the Civil Rights Act of 1991, a disparate impact claim must first "demonstrate[ ] that a respondent *uses a particular employment practice* that causes a disparate impact on the basis of race, color, religion, sex, or national origin." *Studders,* 2021 WL 510077, at *6.

Brennan does not specifically identify an "employment practice" or "policy" that Century uses, but details Century's Human Resources Department's response to her reporting of the events. (Doc. 23, ¶¶ 20-24). Brennan claims that her amended complaint raises averments concerning the fact that Century's employment practice, namely their policy that governs HR investigations into sexual harassment complaints, especially those concerning employees' supervisors while appearing to be "facially neutral," disparately impacts women who raise sexual harassment complaints. (Doc. 27, at 4-5). Brennan argues that such a policy which consists of "yelling at the employee and telling them, as the victim, that the incident was consensual and that they were asking for the sexual harassment," falls disproportionately on female employees. (Doc. 27, at 4-5).

Conclusory allegations that the policy disproportionately imposes burdens on female employees that it would not impose on male employees are insufficient to withstand a motion

to dismiss. (Doc. 23, at ¶ 33); *see, e.g., Chavarria v. Philadelphia Gas Works,* No. CV 19-4428, 2020 WL 529892, at *3 (E.D. Pa. Feb. 3, 2020) (concluding that plaintiff's allegation that the employer's policy "adversely impacted[ed] protected class members" is insufficient to withstand a motion to dismiss"); *Knox v. PPG Indus., Inc.*, No. 2:15-CV-1434, 2016 WL 279004, at *6–7 (W.D. Pa. Jan. 22, 2016) ("While Plaintiff does employ some disparate-impact buzzwords in her complaint—*e.g.,* she claims that PPG's policies 'adversely impacted' women—these 'are bare legal conclusions, not facts[,]' [...], and thus cannot carry Plaintiff's claim over the plausibility threshold."). In addition to not identifying a specific policy, Brennan provides no facts in the complaint to support the allegations that Century's practice of responding to HR complaints had a disparate impact on female employees. (Doc. 23).

Accordingly, the Court will grant Century's motion to dismiss Count I of Brennan's amended complaint.

B. Count II – Violation of Title VII: Harassment

In Count II of the amended complaint, Brennan asserts a cause of action for gender-based harassment pursuant to Title VII, claiming that she "had to endure pervasive and regular harassment from her co-worker and was retaliated against by management because she made complaints about unlawful gender-based harassment and discrimination." (Doc. 23, ¶¶ 35-41). Brennan claims "[t]his harassment detrimentally affected her in that, among other things she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of [Century] actions," and "[t]he harassment by her co-worker would detrimentally affect a reasonable person for all the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person." (Doc. 23, ¶¶ 37-38). Brennan

contends the harassment was "willful and intentional," and that despite complaining about these issues to Century, "no meaningful remedial action was taken with respect to the harassment." (Doc. 23, ¶¶ 39-40).

Century seeks to dismiss Count II because Brennan cannot sufficiently demonstrate severe or pervasive discrimination by Century. (Doc. 26, at 8-10). Brennan responds that she has stated a plausible Title VII claim for harassment because her amended complaint alleges that she was subject to sexual harassment by Mr. Kokinda, that she became uncomfortable and stressed out after the incident, and that she was detrimentally affected by the discrimination because she was terminated from her job. (Doc. 27, at 5-7).

Title VII prohibits sexual harassment that is sufficiently severe or pervasive as to alter the conditions of the plaintiff's employment and create an abusive working environment. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). To state a harassment violation of Title VII of the Civil Rights Act, Brennan must establish that 1) the employee suffered intentional discrimination because of his/her [gender or sex], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Ally v. Chipotle Mexican Grill*, No. 1:18-CV-02342, 2020 WL 7775455, at *4 (M.D. Pa. Dec. 2, 2020), *report and recommendation adopted*, No. 1:18-CV-2342, 2020 WL 7773757 (M.D. Pa. Dec. 30, 2020). The first four elements establish a hostile work environment, and the fifth element determines employer liability. *Mandel*, 706 F.3d at 167.

In analyzing the severity or pervasiveness of a plaintiff's claims, "a court must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Mandel*, 706 F.3d 157 at 167 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). The Court may not "parse[ ] out each event and view[ ] them separately, rather than as a whole." *Mandel*, 706 F.3d 157 at 168.

Assuming that Kokinda did in fact make such contact, the question is whether Brennan has put forth "'sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence' of the elements of the prima facie case." *Connelly*, 809 F.3d at 789). While the Court finds that Brennan has alleged physical conduct that is inappropriate and offensive, the Court is constrained to find that Brennan has failed to make such a showing at this stage.

Brennan cites a single instance of sexual harassment where Kokinda grabbed her face, kissed her, and told her: "I want to take care of you." (Doc. 52, ¶ 13). This type of conduct may constitute sexual harassment for purposes of Title VII. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, (1986) ("'unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature may rise to the level of sexual harassment") (*quoting* 29 C.F.R. § 1604.11(a) (1985)); *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 148 (3d Cir. 1999) ("We generally presume that sexual advances ... are sex-based, whether the motivation is desire or hatred"). Brennan avers that she has demonstrated that the harassment created a hostile work environment because after she reported the harassment, she was terminated and that "such an overall atmosphere cannot be deemed as anything other than harassing and hostile for the Plaintiff and objectively, it is logical that a reasonable person would also feel the same way." (Doc. 27, at 7). However, courts in the Third Circuit presented

12

with cases involving isolated incidents of physical touching have, on motions to dismiss, ultimately found the conduct not sufficient to reach the level of severe or pervasive. *Spence v. New Jersey*, No. 119CV21490NLHKMW, 2021 WL 1345872, at *5 (D.N.J. Apr. 12, 2021) (concluding plaintiff did not state a harassment claim under Title VII where plaintiff alleged that defendant attempted to inappropriately touch her on repeated occasions, approached her from behind and pushed his groin into her while she was attempting to file paperwork into a cabinet ); *Lozosky v. Keystone Bus. Prod., Inc.,* No. CIV.A. 3:13-0512, 2013 WL 5744896, at *3 (M.D. Pa. Oct. 23, 2013) ("Courts have found that kissing and touching, even with an obvious and aggressive sexual intent, is insufficient to create a hostile work environment."); *compare Starnes v._Butler Cty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (determining plaintiff plead a hostile work environment claim where she alleged her supervisor coerced her into engaging in sexual relations, shared pornography with her, asked her to film herself performing sexual acts, engaged in a pattern of flirtatious behavior, scolded her for speaking with male colleagues, assigned her duties forcing her to be close to him, and treated her differently than her male colleagues). Despite the conduct alleged by Brennan, the Court is compelled by precedent within this Circuit to find that the amended complaint does not allege severe or pervasive discrimination within the meaning of Title VII. As such, the Court will grant Century's motion to dismiss Count II of the complaint.

C. Count IV – Violation of Title VII: Sex-Based Discrimination

In Count IV of the amended complaint, Brennan asserts a cause of action for sex-based discrimination pursuant to Title VII, claiming that "[Century] is responsible for the hostile work environment which allowed [Brennan] to be verbally, physically and sexually harassed by the aforementioned client." (Doc. 23, ¶¶ 50-57). Brennan contends her "status as a female

place[s] her in a protected class;" her "membership in a protected class was a motivating factor in [Century]'s decision to discriminate against Ms. Brennan and terminate her employment;" and "[a]s such, [Century]'s decision to discriminate and to terminate Ms. Brennan's employment is an unlawful employment practice . . . ." (Doc. 23, ¶¶ 52-54). Furthermore, Brennan avers that as a proximate result of Century's conduct, she sustained significant damages, including but not limited to financial damages and emotional pain and suffering. (Doc. 23, ¶ 55).

Century moves to dismiss Count IV, arguing that the allegations in the amended complaint do not rise to the level of discriminatory conduct to be actionable under Title VII. (Doc. 26, at 10-11). Century contends for an employer to be vicariously liable under Title VII for actionable discrimination caused by an employee, a sexually objectionable environment must be both objectively and subjectively offensive, to a reasonable person and the victim and one that a reasonable person would find hostile and abusive. (Doc. 26, at 10-11). Century argues that nothing in the amended complaint establishes a sexually-objectionable environment that is both objectively and subjectively offensive or one that a reasonable person would find hostile and abusive. (Doc. 26, at 10-11). In opposition, Brennan argues that the alleged kiss is conduct that both she and a reasonable person would find to be sexually objectionable. (Doc. 27, at 8). Moreover, Brennan contends "Mr. Kokinda's kissing Ms. Brennan rises to the level of extreme conduct because it directly led to her being terminated." (Doc. 27, at 8).

In *Harris v. City of Forklift Systems Inc.*, the Supreme Court held that whether a work environment is "hostile" or "abusive" in violation of Title VII can be determined only by looking at all circumstances, which may include the frequency of the discriminatory conduct,

its severity, whether it is physically threatening or humiliating, or merely offensive, and whether it unreasonably interferes with employee's work. 510 U.S. at 23. As discussed *supra*, the Court finds that the incident described in the amended complaint does not rise to the level of severity necessary to hold Century liable under Title VII. (Doc. 23). Unlike *Harris*, where the conduct at issue was repetitive and occurred on-site, Brennan complains of a single interaction that occurred off-site, in a public gas station. (Doc. 23, ¶¶ 10-15). The general discrimination provision of Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *Irwin v. Fry Commc'ns, Inc.*, No. 1:21-CV-00186, 2021 WL 5756386, at *3 (M.D. Pa. Aug. 17, 2021), *report and recommendation adopted*, No. 1:21-CV-00186, 2021 WL 5757335 (M.D. Pa. Sept. 11, 2021). To adequately plead a claim for sex discrimination under Title VII, Brenner must allege facts indicating that her status as a woman was either a "motivating" or "determinative" factor in Century's adverse employment action against her. *Irwin*, 2021 WL 5756386, at *4.

The Court finds that Count IV fails because it is unsupported by specific factual allegations. Disregarding Brennan's conclusory allegation that her membership in a protected class was a motivating factor in her termination, Brennan does not allege facts suggesting that her gender was a determinative factor in its decision to fire her. *See Irwin*, 2021 WL 5756386, at *5 (plaintiff's conclusory claims that defendant terminated her because she is a woman and because she made a complaint about discrimination in the workplace and was not entitled to the presumption of truth). As stated, Brennan alleges both that she is a woman and that she

15

was terminated. (Doc. 23 ¶¶ 28, 52-53). However, the complaint is devoid of any allegations that raise an inference of discriminatory action on the basis of gender. *See e.g., Real-Loomis v. Bryn Mawr Tr. Co.,* No. CV 20-0441, 2021 WL 1907487, at *5 (E.D. Pa. May 12, 2021) (dismissing plaintiff's claim for sex discrimination where "[t]he complaint does not allege that [plaintiff] was replaced by a male employee or that similarly situated male employees were treated more favorably); *see also Innella v. Lenape Valley Found.,* No. CIV.A. 14-2862, 2014 WL 3109973, at *8 (E.D. Pa. July 8, 2014). Although Brennan likely states a plausible retaliation claim, her complaint contains no factual averments that could plausibly give rise to the inference that her sex was a motivating factor in her termination. *See Irwin*, 2021 WL 5756386, at *6 (concluding plaintiff did state a valid claim for sex discrimination under Title VII where she alleged that employer terminated her employment even though plaintiff at all times met employee's work-performance expectations, employer did not terminate co-worker for a more egregious violation of employer's policies, and employer did not follow its progressive-discipline policy in terminating plaintiff); *see Soenen v. Keane Frac, LP,* No. 4:20-CV-01297, 2021 WL 2290823, at *5 (M.D. Pa. June 4, 2021) (dismissing plaintiff's claims for unlawful sex discrimination where allegations were conclusory and failed to identify specific comparators against whom his claims of discrimination may be evaluated). While Brennan need not identify potential comparers to survive a motion to dismiss, she must provide some factual information upon which a discrimination claim may rest. *Soenen*, 2021 WL 2290823, at 5.

Brennan fails to set forth a causal link between Brennan's status as a woman and any adverse action, relying on conclusory statements that Brennan's membership in a protected class was a motivating factor in Century's decision to discriminate against Brennan and

16

terminate her employment." (Doc. 23 ¶¶ 45, 53). This allegation does not support an inference of sex discrimination and does not satisfy the pleading requirement. *See Soenen*, 2021 WL 2290823, at \*5; *Clark v. Albright Coll.*, No. CV 19-2610, 2022 WL 801941, at \*9 (E.D. Pa. Mar. 15, 2022) (dismissing plaintiff's claims where plaintiff relied on bald and conclusory allegations to support his sex discrimination claim and did not allege any detail to support a plausible inference of sex discrimination). Accordingly, the Court will dismiss Count IV of Brennan's complaint.

D. Count VI – Claims under the PHRA

Century moves to dismiss Count VI on two grounds. (Doc. 26, at 13-14). First, Century argues that Brennan fails to identify how the PHRA has been violated and thus, this count should be dismissed with prejudice. (Doc. 13-14). Second, Century argues that Brennan has failed to exhaust her administrative remedies with respect to her PHRA claims because there is no evidence that Brennan's Equal Employment Opportunity Commission ("EEOC") had a dual purpose, filing with the Pennsylvania Human Relations Commission ("PHRC"). (Doc. 26, at 14-15); (Doc. 23-1). In reply, Brennan argues that her amended complaint states a plausible claim under the PHRA and has provided proof that she exhausted her administrative requirement under the PHRA, as she attached an exhibit to her amended complaint and a copy of the EEOC's notice of right to sue. (Doc. 27, at 9); (Doc. 23-1, at 1).

Because the same legal standards that apply to Brennan's Title VII claims apply to her PHRA claims, the Court applies its analysis of the federal claims equally to the claims brought under Pennsylvania law. *Irwin*, 2021 WL 5756386 at \*3; *Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two

acts interchangeably.") *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 (2006). As discussed above, Brennan has failed to plead plausible claims of disparate treatment, discrimination, hostile working environment and harassment. As such, her PHRA claims on the same bases necessarily fail, and Century's motion shall be granted as to Count VI of Brennan's amended complaint.[4]

## IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002). The Court finds that amendment would be futile as there are no allegations to suggest that any additional allegations could cure the deficiencies outlined herein.

## V.   CONCLUSION

For the foregoing reasons, Century's motion to dismiss is **GRANTED**. (Doc. 24). Counts I, II, and IV, VI of the amended complaint are dismissed with prejudice and without leave to amend and Count V is voluntarily dismissed, with prejudice and without leave to amend. An appropriate Order follows.


BY THE COURT:

Dated: March 14, 2023               *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **Chief United States Magistrate Judge**

---

[4] Because the Court dismisses Count VI on these grounds, it will not address the issue of exhaustion of these claims.