UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BRENNAN,<br><br>            Plaintiff<br><br>v.<br><br>CENTURY SECURITY SERVICES<br><br>            Defendant. | CIVIL ACTION NO. 3:21-cv-01678<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant Century Security Services ("Century"). (Doc. 55). This case was initiated by Plaintiff Amanda Brennan ("Brennan") against Century on September 29, 2021. (Doc. 1). For the following reasons, Century's motion for summary judgment shall be **DENIED**. (Doc. 55).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Brennan filed the operative amended complaint in this matter on June 15, 2022 (Doc. 23). In her amended complaint, Brennan alleges that during her employment with Century as a security guard she suffered from disparate treatment, harassment, retaliation, sexual discrimination, negligent hiring and retention, and violations of the PHRA, all arising from her treatment by Century following a report of sexual harassment by her supervisor. (Doc. 23). Century filed a motion to dismiss the amended complaint (Doc. 24), which the Court granted in part and denied in part. (Doc. 31). Only Brennan's Title VII retaliation claim remains pending before this Court. (Doc. 31). Currently before the Court is Century's motion for summary judgment filed on September 3, 2024. (Doc. 55; Doc. 56). Brennan filed a brief

in opposition to the motion on September 17, 2024. (Doc. 59). The motion for summary judgment is fully briefed and ripe for disposition.

**II.    LEGAL STANDARDS**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility

determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

**III.    DISCUSSION**

    A.    TITLE VII RETALIATION

The courts apply the *McDonnell Douglas* burden-shifting framework to assess retaliation claims under Title VII. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192–93 (3d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a *prima facie* case of retaliation. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant "to articulate some legitimate nondiscriminatory reason" for the alleged retaliatory action. *McDonnell Douglas*, 411 U.S. at 802. Finally, if the defendant manages to rebut the plaintiff's *prima facie* case, the burden shifts back to the plaintiff to prove by a preponderance of the

evidence that the legitimate reasons offered by the defendant were merely a pretext for retaliation. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)).

### 1. *Prima Facie* Case of Retaliation

To establish a *prima facie* claim for retaliation, Brennan must demonstrate "(1) [that she engaged in] protected employee activity; [1] (2) [an] adverse [employment] action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (citations omitted). Title VII protects those who openly oppose workplace discrimination and illegal practices. *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193-94 (3d Cir. 2015); s*ee generally Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130 (3d Cir. 2006).

### a. Adverse Action

In order to demonstrate that an adverse employment action was taken subsequently or contemporaneously with the protected action, the plaintiff must show that "the employer's action was 'materially adverse' in that it 'might well have dissuaded a reasonable worker from making or supporting a charge of discrimination'" *Culler v. Shinseki*, 840 F. Supp. 2d 838, 846 (M.D. Pa. 2011) (*quoting Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) (internal citations omitted)). "Whether an action is materially adverse 'depends upon the circumstances of the particular case, and should be judged from the perspective of a

---

[1] The parties agree that Brennan reporting sexual harassment to her employer was a protected activity to satisfy the first prong of a *prima facie* Title VII retaliation claim. (Doc. 56, at 18; Doc. 59-2, at 6)

reasonable person in the plaintiff's position, considering all the circumstances.'" *Culler*, 840 F. Supp. 2d at 846. A "plaintiff must show that the adverse action was motivated by 'retaliatory animus.'" *Culler*, 840 F. Supp. 2d at 846 (*quoting Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

Brennan claims that she suffered three different adverse actions in retaliation for the report of sexual harassment – termination, reduction in hours, and a denial of compensation. (Doc. 59-2, 2-4). The Court finds that such actions by an employer could "have dissuaded a reasonable worker from making or supporting a charge of discrimination" and further, that the record contains evidence of such adverse action. *Barone v. Idexel, Inc.*, No. 1:22-cv-01232, 2023 WL 146240, at *5 (M.D.Pa. Jan. 10, 2023). First, while Century asserts that Brennan was fired for excessive absenteeism, construing the facts in the light most favorable to the non-movant, the Court finds that Brennan has presented sufficient evidence that she was terminated for reporting the incident of sexual harassment such that a reasonable jury could find in her favor at trial. (Doc. 59-3, at 89, 93). Second, although Century asserts that Brennan's hours were reduced in accordance with Brennan's own childcare schedule, again construing the facts in the light most favorable to the non-movant, the Court finds that Brennan has presented sufficient evidence that her hours were reduced for reporting the incident of sexual harassment such that a reasonable jury could find in her favor at trial. (Doc. 59-3, at 97-101). Finally, while Century asserts that the withheld pay was due to a banking error, again construing the facts in the light most favorable to the non-movant, the Court finds that Brennan has presented sufficient evidence that Century withheld compensation due to her reporting the incident of sexual harassment such that a reasonable jury could find in her favor at trial. (Doc. 59-3, at 104-105). Construing the record on adverse action in the light

5

most favorable to Brennan as the non-movant, the Court finds that she sets forth sufficient evidence that she suffered an adverse employment action.

      b. <u>Casual Connection</u>

Brennan also sets forth sufficient evidence that the adverse actions were causally connected to her report of sexual harassment. There are "two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism." *Abramson v. William Paterson C. of N.J.*, 260 F.3d 265 (3d Cir. 2001) (citing *Farrell,* 206 F.3d at 281). "The Third Circuit has instructed that in cases where the temporal proximity between the protected activity and adverse action is 'unusually suggestive,' this timing alone can be sufficient to establish a *prima facie* case of retaliation." *Bonson v. Hanover Foods Corp.*, 451 F. Supp. 3d 345, 358 (M.D. Pa. 2020) (finding that an employee fired in a three-week period of a protected activity could be inferred on the whole of the evidence to establish causation). To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse,* 126 F. 3d at 503–04 (3d Cir. 1997); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920–21 (3d Cir. 1997). In the absence of that proof, the plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of the fact should infer causation. *Id.;* citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000).

Construing the record in the light most favorable to Brennan as the non-movant, the Court concludes that a reasonable jury could find a causal connection between Brennan's report of harassment and the alleged retaliatory actions. The record contains disputes of

material fact as to when Brennan was terminated, ranging from the day after her report (Doc. 59-2, at 2-3) to the date of the paperwork stating she was terminated. (Doc. 59-3, at 89, 93). Further, a jury could find that the evidence shows that until Brennan made the report of harassment, she had never been given any negative feedback on her work performance. (Doc. 56-2, at 20-21; Doc. 59-3, at 76, 88-89, 116-19). Only after the report was made did she have issues with her schedule or her compensation being withheld. (Doc. 56-2, at 15, 20-21, 24; Doc. 59-3, at 88-89, 97-101, 104-105). The Court finds that a reasonable jury could conclude that these actions were within a time frame so as to be unusually suggestive of retaliatory motive. *See Qin v. Vertex, Inc.*, 100 F.4th 458, 477 (3d Cir. 2024) (finding that actions within "the three-month range to be 'unusually suggestive of retaliatory motive.'"). Therefore, there is an adequate dispute of material fact regarding the causal connection between the protected activity and adverse actions.

In light of the genuine issues of material fact as to adverse actions and causal connection, summary judgment at step one of the analysis is not warranted; the Court cannot find as a matter of law that Century did *not* retaliate against Brennan for making a report of sexual harassment. Accordingly, the Court will proceed with its review to steps two and three of the *McDonnell Douglas* analysis.

### 2. Legitimate Non-Retaliatory Reason

Century's burden at this stage is "relatively light: it is satisfied if the defendant articulates any legitimate reason for the adverse employment action; the defendant need not prove that the articulated reason actually motivated the action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500–01 (3d Cir. 1997) (internal quotations omitted). Thus, "[t]he proffered reason need only raise a genuine issue of fact as to whether the employer acted

7

impermissibly." *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003). Century asserts that Brennan had a history of "no-shows" to shifts. (Doc. 56-2, at 20-21, 24). Further, Century's work policies state that not showing up for security details, leaving sites unattended, and not responding to scheduling inquiries in a timely manner are all grounds for disciplinary action. (Doc. 56-2, at 24). This explanation is sufficient to shift the burden to Brennan to show pretext for the retaliation.

### 3. Pretext for Retaliation

A plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated, legitimate reasons; or (2) believe that an invidious [retaliatory] reason was more likely than not a motivating or determinate cause of the employer's actions." *Culler*, 840 F. Supp. 2d at 850 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). Brennan proffers evidence from which a jury could find that Century's explanation for her termination is false, and that she was terminated in retaliation for reporting the harassment. (Doc. 56-2, at 4-5, 20-21; Doc. 59-3, at 88-89, 92-95, 97, 116-20). For instance, Brennan asserts that she had never been given any negative feedback on her work performance until after she reported sexual harassment on October 13, 2020. (Doc. 56-2, at 20-21; Doc. 59-3, at 76, 88-89, 116-19). A reasonable jury could find that Century's explanation for her termination, schedule, and compensation issues were pretextual.

Viewing the record in the light most favorable to Brennan, the Court finds that genuine issues of material fact exist at all stages of the analysis of Brennan's Title VII retaliation claim, and therefore summary judgment on the claim will be denied.

B. PUNITIVE DAMAGES

A plaintiff's entitlement to punitive damages hinges upon a subjective analysis of "the actor's state of mind" and requires a thorough consideration of the evidence and testimony disclosed at trial. *Hanes v. Columbia Gas of Pennsylvania Nisource Co.*, 2008 WL 3853342, at *9 (M.D.Pa. 2008); quoting *Kolstad*, 527 U.S. at 535; *EEOC v. Aldi, Inc.*, No. 06-1210, 2008 WL 859249, at *19 n. 30 (W.D.Pa. Mar. 28, 2008). As the Court has concluded that Brennan has has presented sufficient evidence for her Title VII retaliation claim, the issue of punitive damages is best reserved until the close of evidence at trial, at which time Century may move for judgment as a matter of law on this issue. *Id.;* citing *Harry v. City of Phila.*, No. 03-661, 2004 WL 1387319, at *16 n. 24 (E.D.Pa. June 18, 2004); *Aldi*, 2008 WL 859249, at *19 n. 30.

IV. CONCLUSION

For the foregoing reasons, Century's motion for summary judgment (Doc. 55) is **DENIED**. An appropriate Order follows.

Dated: November 15, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**