UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BRENNAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTURY SECURITY SERVICES,<br><br>    Defendant. | CIVIL ACTION NO. 3:21-CV-01678<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Presently before the Court are three motions *in limine* filed by Century Security Services ("Century"). (Doc. 63; Doc. 64; Doc. 66). Amanda Brennan ("Brennan") initiated this action on September 29, 2021. (Doc. 1). Century's motions *in limine* seek preclusion of evidence of back pay, front pay, economic loss lost wages and earnings, compensatory damages, and punitive damages (Doc. 63), evidence of dismissed claims and matters related to James Kokinda, Brennan's supervisor (Doc. 64), and certain lay witness and expert testimony, and Community Counseling Service records (Doc. 66). Brennan concurs with Century's motion *in limine* to preclude certain lay witnesses, expert witness testimony, and Community Counseling Service records (Doc. 66), and therefore that motion is **GRANTED**. The remaining two motions have been fully briefed and are ripe for disposition.

### I. BACKGROUND AND PROCEDURAL HISTORY

The following background and history are limited to the immediately relevant circumstances of the pending motions. Brennan filed the operative amended complaint in this matter on June 15, 2022 (Doc. 23). In her amended complaint, Brennan alleges that during her employment with Century as a security guard she suffered from disparate treatment, harassment, retaliation, sexual discrimination, negligent hiring and retention, and violations

of the PHRA, all arising from her treatment by Century following a report of sexual harassment by her supervisor. (Doc. 23). Century filed a motion to dismiss the amended complaint (Doc. 24), which the Court granted in part and denied in part. (Doc. 31). Only Brennan's Title VII retaliation claim remains pending before this Court. (Doc. 31).

## II.   LEGAL STANDARD

The court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).  In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions in limine] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion …. Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (*citing Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence can be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at *3. The grounds for exclusion of evidence are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding. Only where the relevance of that proof is substantially outweighed by some other factors, should admission be denied. *Ely*, 2016 WL 454817, at *3. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. In general, the Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Fed. R. Evid. 402.

### III.  DISCUSSION

#### A.  MOTION *IN LIMINE* TO PRECLUDE DAMAGES (DOC. 63)

In its first motion, Century seeks to preclude Brennan from introducing evidence of various forms of damages, arguing that she has failed to produce evidence of damages in discovery, including any evidence of mitigation efforts or efforts to obtain disability benefits. Century also seeks to preclude any evidence of emotional distress or pain and suffering damages, arguing that the only documents provided in support of the emotional distress

3

damages are counseling records in which Brennan admits that she was still employed over a month after the alleged retaliation. Finally, Century submits that any evidence of punitive damages should be precluded as such damages cannot be imputed vicariously to the employer when a good faith effort is made by the employer to comply with Title VII. (Doc. 68).

1. **Back Pay, Front Pay, Economic Damages, Lost Wages and Earnings, and Lost Earning Capacity**

Back pay and front pay are "available to a successful Title VII plaintiff under the Civil Rights Act of 1964." *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006) (*citing* 42 U.S.C. § 2000e-5(g)(1)). The equitable remedy of back pay "is designed to restore a victim of discrimination to the economic position [she] would have enjoyed absent the unlawful discrimination." *Booker v. Taylor Milk Co.*, 64 F.3d 860, 866 (3d Cir. 1995). "Title VII provides a presumption in favor of a back pay award once liability has been found." Third Circuit Model Jury Instructions, § 5.4.3 (Comment) (*citing Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975)); *see also Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 78 n.1 (3d Cir. 2009) (explaining in Title VII case that "back pay and front pay are equitable remedies to be determined by the court")). Title VII imposes a statutory duty on plaintiffs to mitigate their damages; however, "the employer has the burden of proving a failure to mitigate." *Booker*, 64 F.3d at 864. "To meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the Title VII claimant did not exercise reasonable diligence to obtain the employment." *Booker*, 64 F.3d at 864. Alternatively, the employer may prove that the former employee "withdrew entirely from the employment market." *Walsh v. Midvale Paper Box Company, Inc.*, No. 3:21-cv-00977, 2023 WL 2450177, at *4 (M.D. Pa. Jan. 9, 2023). "Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, and status as the

position from which the Title VII claimant has been discriminatorily terminated." *Booker*, 64 F.3d at 866. The question of whether a claimant "has met his duty to mitigate damages is a determination of fact," which may be best reserved for a jury's consideration. *Booker*, 64 F.3d at 864.

Century submits that Brennan has failed to produce any evidence of damages through discovery, including mitigation, and should therefore be precluded from producing any evidence of damages at trial. However, though extremely sparse, the Court notes that Brennan did respond to discovery requests indicating that she did make job applications, but just could not remember any details about them. (Doc. 68- 1, at 6; Doc. 68-2, at 5). The Court will not preclude Brennan from testifying consistently with her discovery responses. However, Brennan is precluded from offering any additional evidence or testimony on the issue of damages beyond what has already been produced in discovery.

2. **Emotional Distress and Pain and Suffering**

Plaintiffs may testify to the existence and cause of their own psychological injuries and non-economic damages. "[E]xpert medical evidence is not required to prove emotional distress in section 1983 cases." *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 21 F.3d 29, 36 (3d Cir. 1994); *McKenna v. City of Philadelphia*, 636 F. Supp. 2d 446, 463 (E.D. Pa. 2009) ("because of the remedial purpose of civil rights laws, courts have applied a relaxed causation standard in Title VII cases and have not required expert testimony to prove a defendant's actions caused a plaintiff emotional distress.") (*citing Bolden*, 21 F.3d at 35-36); *see also Crosby v. State Con. Inst. at Greensburg*, No. CIV.A. 08-1506, 2011 WL 284098, at *5 (W.D. Pa. Jan. 25, 2011) ("It is well-settled that expert medical testimony is not required to support recovery for emotional distress" in Title VII cases.) As such, Brennan may testify as to the existence and cause of her own non-economic damages. Further, to the extent Century argues that the

5

counseling records provided by Brennan in discovery are contrary to an award of damages, the Court finds that is an issue that may be explored on cross-examination. The Court will not preclude Brennan from testifying consistently with her discovery responses. *See Bolden*, 21 F.3d 29, 34 (3d Cir. 1994) ("[W]e are persuaded that the approach taken by our sister circuits which have dispensed with a requirement of expert testimony to corroborate a claim for emotional distress is more consistent with the broad remunerative purpose of the civil rights laws."); *see Skoorka v. Kean University*, No. 16-3842, 2023 WL 8374585, at *3 (D.N.J. Dec. 4, 2023) (finding that a plaintiff can testify to their own emotional distress in Title VII cases). However, as with the issue of economic loss, Brennan is precluded from offering any additional evidence or testimony on the issue of damages beyond what has already been produced in discovery.

### 3. Punitive Damages

The availability of punitive damages in the context of a discrimination case is described in *Holmes v. American Home Patient/Lincare*, 2024 WL 1118982, at 7-8 (M.D.Pa. March 14, 2024). In *Holmes*, after noting that the standard for punitive damages in Title VII cases is equally applicable to the common law punitive damages standard in § 1981 claims, the court explained as follows:

> Punitive damages are only available when an "employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 529-30 (1999). "Malice" or "reckless indifference" refer to "the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad*, 527 U.S. at 535.
>
> "'An employer may be vicariously liable for the discrimination of its employee if the employee was serving in a 'managerial capacity' and committed the wrong while 'acting in the scope of his employment.'" *Middlebrooks v. Teva Pharmaceuticals USA, Inc.*, No. 17-412, 2019 WL 438092, at *9 (E.D. Pa. Feb. 4, 2019) (*quoting Ridley v. Costco Wholesale Corp.*, 217 F. App'x 130, 137 (3d Cir.

> 2007)). But "an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with" the law. *Middlebrooks*, 2019 WL 438092, at *9 (quoting *Kolstad*, 527 U.S. at 545). "This 'good-faith' exception 'shields employers who make a bona fide effort to institute nondiscrimination policies, from the prospect of an award of punitive damages when, despite the good faith efforts of the employer to comply with the law...discrimination has nonetheless occurred.'" *Goodwin v. Fast Food Enterprises No. 3, LLP*, No. 10-23, 2012 WL 1739830, at *5 (W.D. Pa. May 16, 2012) (quoting *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d. 1164, 1168 (S.D. Fla 2000)).
>
> *Holmes v. American Home Patient/Lincare*, 2024 WL 1118982, at 7-8 (M.D.Pa. March 14, 2024).

Whether Century sufficiently undertook good faith efforts to comply with the law is a question for the jury at this juncture, and therefore, Brennan will not be precluded from offering evidence of punitive damages.

For the foregoing reasons, Century's motion *in limine* as to damages is **DENIED**.

B. MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DISMISSED CLAIMS AND MATTERS RELATED TO KOKINDA AND BRENNAN (DOC. 64)

Century seeks to preclude evidence of dismissed claims as irrelevant and prejudicial. (Doc. 64, ¶¶ 5-7). Specifically, Century argues that evidence regarding the dismissed claims is irrelevant to the issue of Title VII retaliation and that its prejudicial effect outweighs any probative value. (Doc. 64, ¶¶ 5-10; Doc. 65, at 4-6). In opposition, Brennan argues that contrary to Century's assertion, she needs to present such evidence to establish the elements of her *prima facie* Title VII retaliation claim. (Doc. 70-1, at 6-7). Brennan further avers that the evidence at issue is required to establish her case. (Doc. 70-1, at 7-10).

As set forth above, the Federal Rules of Evidence generally provide that relevant evidence is admissible at trial "if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 402. However, relevant evidence may be precluded at trial if its probative value

7

is outweighed by the danger of unfair prejudice, potential to mislead the jury, the danger of needlessly presenting cumulative evidence, prospective to confuse the issues or the possibility of undue delay or waste of time. Fed. R. Evid. 403.

Brennan's argument in opposition to Century's motion largely focuses on her ability to prove her case, and to that end, her ability to prove that she engaged in protected activity. (Doc. 70-1, at 7-8). This argument is unavailing as Century is not disputing that Brennan's reporting of the harassment was a protected activity. (Doc. 71, at 4). The other elements of Brennan's Title VII retaliation claim, including that Century took adverse action *after* her report of harassment, and a causal connection between the protected activity and adverse action do not necessarily require evidence of the dismissed claims. Brennan submits that the evidence may be relevant to a "pattern of antagonism" that could support an inference of retaliatory animus." (Doc. 71, at 9-10). However, the case relied upon by Brennan is contrary to this argument. Intervening antagonism or retaliatory animus must have arisen ***at the time of or after*** the protected activity. *Culler v. Shinseki*, 840 F.Supp.2d 838, 847 (M.D.Pa. 2011) (emphasis added); *citing LeBoon v. Lancaster Jewish Community Center Ass'n*, 503 F.3d 217, 233–234 (3d Cir. 2007); *see also Robinson v. Southeastern Pennsylvania Transp. Authority, Red Arrow Div.*, 982 F.2d 892, 895 (3d Cir. 1993) (finding that the employer subjected the employee to a "constant barrage" of abusive behavior, "all of which occurred soon after plaintiff's initial complaints and continued until his discharge"). In this case, Century seeks to preclude evidence of the dismissed claims and alleged actions of Kokinda. These occurred prior to the alleged retaliation and are not evidence of intervening antagonism or retaliatory animus.

Further, the Court agrees that the danger of unfair prejudice outweighs any probative value evidence of the dismissed claims or actions by Kokinda may have in this case. *See Kimes*

*v. University of Scranton*, 2016 WL 1274134, at *2 (M.D.Pa. 2016) (precluding evidence of dismissed claims, finding "[q]uite evidently, the very unflattering nature of certain of the narrow comments relevant to the dismissed claims would impact the jury in a prejudicial, confusing, and misleading manner. The danger of the jurors relying on such evidence to make prohibited inferences is therefore understandably high in a case like this, and such a danger substantially outweighs any tangential probative value.").

For these reasons, Century's motion *in limine* to preclude evidence of dismissed claims and matters related to Kokinda and Brennan is **GRANTED**.

### IV.  CONCLUSION

For the foregoing reasons, Century's motion *in limine* (Doc. 63) to preclude evidence regarding back pay, front pay, economic loss, lost wages and earnings, compensatory damages including for mental and emotional distress and pain and suffering, and punitive damages is **DENIED**. Defendant's motion *in limine* (Doc. 64) to preclude evidence regarding dismissed claims and matters related to Kokinda and Brennan is **GRANTED**. An appropriate Order follows.

Dated: November 26, 2024                                      *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**